IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| PSK, L.L.C. d/b/a OVERHEAD DOOR COMPANY OF CEDAR RAPIDS AND IOWA CITY,<br><br>Plaintiff,<br><br>vs.<br><br>RANDY HICKLIN d/b/a A-1 AMERICAN GARAGE DOOR REPAIR, ADVANCED GARAGE DOOR REPAIR, and/or OVER HEAD AAA GARAGE DOOR REPAIR; and DANETTA HICKLIN, d/b/a A-1 AMERICAN GARAGE DOOR REPAIR, ADVANCED GARAGE DOOR REPAIR, OVER HEAD AAA GARAGE DOOR REPAIR, AFFORDABLE OVERHEAD GARAGE DOOR REPAIR and AMERICAN CERTIFIED DOOR CO.,<br><br>Defendants. | No. C09-0105<br><br>ORDER DENYING MOTION TO COMPEL |

This matter comes before the Court on the Motion to Compel (docket number 46) filed by the Defendants on June 22, 2010, the Resistance (docket number 51) filed by the Plaintiff on June 24, 2010, and Defendants' Reply (docket number 53) filed on June 28, 2010. Pursuant to Local Rule 7.c, the motion will be decided without oral argument.

1

## I. RELEVANT FACTS

The motion to compel is in two divisions. Division I asks that the Court order PSK L.L.C. d/b/a Overhead Door Company of Cedar Rapids and Iowa City ("PSK") to produce certain "financial work-ups," and Division II asks that PSK be compelled to produce federal and state income tax returns. On June 28, however, Randy Hicklin and Danetta Hicklin ("the Hicklins") filed a withdrawal without prejudice of Division I of their motion to compel. *See* docket number 52. Accordingly, the Court will address only those facts related to Division II of the motion to compel.

In a supplemental document request, the Hicklins asked PSK to provide "[f]ederal and state income tax returns and all schedules for plaintiff from inception through present." PSK responded as follows:

> PSK objects to producing income tax returns on the grounds that Defendants have no compelling need for tax returns, given that the relevant information contained therein (PSK's income) is readily available from other documents. *See Johnson v. Kraft Foods North America, Inc.*, 236 F.R.D. 535 (D Kan. 2006).

PSK's Response to Supplemental Document Request at 2, attached to the Hicklins' Motion to Compel as Exhibit C (docket number 46-3). The parties are unable to resolve the dispute by agreement.

## II. DISCUSSION

There is some split of authority regarding the standard to be applied in determining the discoverability of tax returns. The two views were succinctly stated by the Court in *Terwilliger v. York Intern. Corp.* as follows:

> Courts have made it increasingly clear that tax returns in the hands of a taxpayer are not privileged from civil discovery. Nevertheless, judicial consensus exists that, as a matter of policy, great caution should be exercised in ordering the disclosure of tax returns. Unnecessary disclosure of tax returns is to be avoided.

2

> Examination of case law reveals the emergence of a judicially developed "qualified privilege ... that disfavors the disclosure of income tax returns as a matter of general federal policy." A two-prong test has been utilized to assess whether the qualified privilege should be overcome and a party's income tax returns should be disclosed. The court must determine whether (1) the tax return is relevant to the subject matter in dispute; and (2) a compelling need exists for the return, because the information sought is not obtainable from other sources. While the party seeking discovery of the tax returns bears the burden of establishing its relevance, the resisting party has the task to identify an alternative source for the information.
>
> In contrast, a minority of courts have held that the sole inquiry governing discovery of tax returns is whether the information contained in the return is relevant.

176 F.R.D. 214, 216-17 (W.D. Va. 1997) (all citations omitted).

While the Eighth Circuit Court of Appeals has not addressed this issue, it appears that most district courts in the Eighth Circuit have adopted the two-prong test described in *Terwilliger*. *See, e.g.*, *E-P Intern. Distribution, Inc. v. A & A Drug Co.*, 2009 WL 1442534 (D. Neb. 2009) (observing that "many courts require a heightened showing of relevance and necessity before ordering the disclosure" of tax returns, and that "[w]hen applying this standard, most courts use a burden-shifting test"); *Sowers v. Gatehouse Media Missouri Holdings, Inc.*, 2009 WL 1106946 (E.D. Mo. 2009) (noting that "most courts apply a two-part test"); *EEOC v. Ceridian Corp.*, 610 F. Supp. 2d 995, 997 (D. Minn. 2008) (finding that "a preponderance of authorities set out a two-part standard for deciding whether tax returns should be disclosed").

Accordingly, the Court will apply the two-prong test in determining whether PSK is required to produce its tax returns. Under the first prong of the test, the Hicklins have the initial burden to show that the tax returns are relevant. If so, the second prong of the test is whether there is a compelling need for the returns. "When looking at whether there is a compelling need, a court examines whether the information in the returns is readily

3

obtainable from another source." *Ceridian*, 610 F. Supp. 2d at 997. PSK bears the burden of proof on the second prong of the test.

In this case, PSK admits that the tax returns are relevant to the issue of damages. Accordingly, the Court must determine whether PSK has met its burden of showing that the information in the tax returns is readily obtainable elsewhere. PSK argues that its production of other financial documents "has provided ample information for the Hicklins to evaluate PSK's lost revenues/profits claim without PSK producing income tax returns." The Hicklins argue that the tax returns must be produced "in order that Defendant can properly analyze plaintiff's claim for damages and also determine whether plaintiff has produced complete information regarding plaintiff's claims for financial damages."

PSK has produced detailed spreadsheets showing monthly revenues broken down by business segment, balance sheets showing assets and liabilities, and income statements showing revenue, expenses, and production costs. The Hicklins do not point the Court to any information which would be found on a tax return, which would not otherwise be found on the financial statements submitted by PSK. Rather, the Hicklins argue that it is necessary to compare the tax returns with the financial statements "to ascertain whether the information they have received is complete for the requested time period." In support of their argument, the Hicklins cite *Bjerke v. Nash Finch Co.*, 2000 WL 33339658 (D.N.D. 2000).

In *Bjerke*, the plaintiff sought compensatory damages in an employment discrimination case. The defendant requested copies of the plaintiff's federal and state income tax returns. In response, the plaintiff produced copies of her Schedule C (profit or loss from business), Schedule SE (self-employment tax), and W-2 forms. The Court subsequently granted the defendant's motion to compel production of the complete tax returns.

> Even though the complete returns may reveal nothing more about plaintiff's income than the information already provided, the court finds that defendant is entitled to discover complete

4

> copies of plaintiff's tax returns for the subject years even though her husband's income and business information appear on the returns as well. Defendant is entitled to verify that the schedules it has received contain complete information about plaintiff's earnings for that time period.

*Id.* at *2.

In *Bjerke*, the plaintiff objected "primarily on grounds of relevance and duplication, claiming defendant already has all relevant information to plaintiff's earnings." In sustaining the defendant's motion to compel production of the complete tax returns, the Court in *Bjerke* did not discuss the two-prong test which is regularly employed under these circumstances. In concluding that the defendant was entitled to "verify" the information which it had previously received by comparing it to the tax returns, the Court in *Bjerke* added a rationale not found elsewhere. If production of tax returns is required to "verify" information previously provided in other financial documents, then it is hard to imagine a case where relevant tax returns would not be discoverable, thereby eliminating the second prong of the test.

As a general rule, courts do not favor compelling production of tax returns. *Johnson v. Kraft Foods North America, Inc.*, 236 F.R.D. 535, 539 (D. Kan. 2006). The heightened discovery standard found in the two-prong test is intended "to assure a balance between the liberal scope of discovery and the policy favoring the confidentiality of tax returns." *Id.* Here, information regarding PSK's claimed loss of income is readily obtainable from the detailed financial statements already provided to the Hicklins. Absent any representation by the Hicklins that additional information could be found on PSK's tax returns, the Court concludes that PSK has met its burden of showing that there is no "compelling need" for production of the returns.

The Hicklins argue that "[n]umerous other jurisdictions have found that a party's tax returns must be produced," citing *Sowers v. Gatehouse Media Missouri Holdings, Inc.*, 2009 WL 1106946 (E.D. Mo. 2009), *EEOC v. Tobacco Superstores, Inc.*, 2008 WL 2705565 (E.D. Ark. 2008), *Dunlap v. Midcoast-Little Rock, Inc.*, 166 F.R.D.

5

29 (E.D. Ark. 1995), *EEOC v. Chemsico*, 203 F.R.D. 432 (E.D. Mo. 2001), and *Storie v. United States*, 142 F.R.D. 317, 320 (E.D. Mo. 1991). In *none* of those cases, however, did the Court consider the "compelling need" requirement found in the second prong of the test. For example, the Court in *Sowers* noted the two-part test and ordered production of the tax returns after finding they were relevant, but without addressing the issue of compelling need. In *Tobacco Superstores*, the Court ordered production of the tax returns after reference to the liberal discovery standard found in FEDERAL RULE OF CIVIL PROCEDURE 26(b)(1), but did not cite the two-prong test. Similarly, the Court in *Dunlap* ordered production of the tax returns after finding they were relevant to the plaintiff's claim for damages, citing Rule 26(b)(1), but without citing the two-prong test which is now regularly employed. In *Chemsico*, the Court summarily ordered production of the plaintiff's tax returns, without citation to any authority at all. Similarly, the Court in *Storie* ordered production of the tax returns without citation to any authority. The Court did not find the cases cited by the Hicklins to be particularly helpful in its analysis of this issue.

The Hicklins also urge the Court to consider the fact that PSK's tax returns would be protected against disclosure by the terms of a protective order agreed to by the parties. As noted by the Court in *Ceridian*, however, the issue of confidentiality is not part of the analysis under the two-prong test.

> Pursuant to the two-part standard, when examining the question of compelling need, courts generally focus on the availability of information from other sources, not whether confidentiality can be maintained in other ways. This Court concludes that the protective order does not influence the underlying analysis here.

610 F. Supp. 2d at 997.

In summary, the Court concludes PSK has established that the information in the tax returns is readily obtainable from the financial records previously disclosed. Accordingly, there is no compelling need for production of the returns. The Hicklins'

argument that production of the returns is needed to verify the completeness of the financial records submitted by PSK is unpersuasive.

### *III. ORDER*

IT IS THEREFORE ORDERED that the Motion to Compel (docket number 46) filed by the Defendants is hereby **DENIED**.

DATED this 8th day of July, 2010.

_____
JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA